UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALI DUKUREH,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

_______________________________/

Case No. 1:26-cv-2409

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner subject to appropriate conditions of supervision. (Pet., ECF No. 1, PageID.7.) In an order entered on August 27, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF

No. 5.) Respondent filed his response on September 1, 2026, (ECF No. 6), and Petitioner filed a reply on September 8, 2026, (ECF No. 8).

## II. Factual Background

Petitioner is a native and citizen of The Gambia who entered the United States in 2017. Op., *Dukureh v. Raycraft et al.* (*Dukureh I*), No. 1:26-cv-2128 (W.D. Mich. Aug. 12, 2026) (ECF No. 9). On February 6, 2025, ICE agents arrested Petitioner. *Id.* An Immigration Judge subsequently ordered Petitioner removed to The Gambia on December 19, 2025. *Id.* Petitioner did not file a timely appeal, rendering Petitioner's order of removal administratively final on January 19, 2025. *Id.*

> On January 25, 2026, Petitioner refused service of post-order custody review documents. On January 30, 2026, he refused to participate in an identification interview with an official from The Gambian consulate. On February 19, 2026, Petitioner again refused service of post-order custody review documents. Petitioner refused to cooperate with an interview with DHS and The Gambian consulate on March 16, 2026. On April 18, 2026, DHS issued Petitioner a "Decision to Continue Detention" because Petitioner failed to demonstrate he is not a danger or flight risk.)
>
> On June 1, 2026, Petitioner notified DHS that he was willing to be interviewed by The Gambian consulate. The consulate of The Gambia interviewed Petitioner on June 11, 2026. During the interview, Petitioner confirmed that he was born in The Gambia but claimed that his identification documents are fraudulent and that he is not the person portrayed on the identification documents. "The consulate of The Gambia stated that it will begin an investigation into the citizenship of [Petitioner]. The investigation is ongoing." DHS is continuing to work with The Gambian embassy to obtain travel documents for Petitioner's removal to The Gambia.

*Id.* (internal citations omitted).

Petitioner filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 22, 2026, in *Dukureh I*. On August 12, 2026, the Court denied Petitioner's § 2241 petition in *Dukureh I* without prejudice, finding that the Respondent was actively working towards effectuating Petitioner's removal and that Petitioner had not been cooperative with the United

States government and The Gambian government to effectuate removal. Op., & J., *Dukureh I*, (ECF No. 9, 10.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

In this case, Petitioner raises the same principle arguments that he raised in *Dukureh I*. Petitioner fails to present any material change in the facts or evidence in the 12 days between the decision in *Dukureh I* and the filing of the instant petition on August 24, 2026. Therefore, based on the record presently before the Court, and for the same reasons set forth in detail *Dukureh I*, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 2, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE